UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA M. MITTASCH,

    Plaintiff,

v().                                                          Case No:   2:17-cv-257-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# OPINION AND ORDER

This cause comes before the Court on Plaintiff Jessica M. Mittasch's Complaint (Doc. 1) filed on May 11, 2017. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review

### A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §§ 404.1505; 416.905.[1] The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On May 22, 2012, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income with an alleged onset date of November 9, 2011. (*See* Tr. at 37, 250, 254). The applications were denied initially on July 2, 2012, and upon reconsideration on September 18, 2012. (Tr. at 114-15, 138-39). A video hearing was held before Administrative Law Judge ("ALJ") Hortensia Haaversen on March 9, 2015. (Tr. at 52-79). The ALJ issued an unfavorable decision on August 4, 2015. (Tr. at 34-51). The ALJ found that Plaintiff was not disabled from November 9, 2011, through the date of the decision. (Tr. at 46).

On March 21, 2017, the Appeals Council denied Plaintiff's request for review. (Tr. at 2-7). Plaintiff filed a Complaint in this Court on May 11, 2017. (Doc. 1). Defendant filed an Answer on August 8, 2017. (Doc. 15). The parties filed a Joint Memorandum setting forth their positions and arguments on the issues. (Doc. 28). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 18). This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act though December 31, 2017. (Tr. at 40). At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity from January 1, 2014 to March 9, 2015. (*Id.*). Nevertheless, the ALJ found that there had been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity. (*Id.*). As a result, the ALJ proceeded to make findings addressing the periods in which Plaintiff did not engage in substantial gainful activity. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "type I diabetes mellitus." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)). (Tr. at 41).

Based on the evidence, the ALJ determined that Plaintiff has the RFC to perform "light work" except Plaintiff can:

> lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to stand or walk for six hours in an eight-hour workday. The claimant can sit six hours in an eight-work day. She can never climb ladders, ropes, or scaffolds and frequently perform all other postural activities including balancing, stooping, crouching, crawling, climbing ramps and stairs. The claimant must also avoid concentrated exposure to extreme heat and cold, and avoid even moderate exposure to hazards (Based on the opinion of Minal Krishnamurthy MD at Exhibits B13A and B14A).

(*Id.*).

At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a cashier/checker, convenient store cashier, and cash accounting clerk. (Tr. at 44). The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.*).

Although the ALJ found that Plaintiff could perform past relevant work at step four, the ALJ nonetheless made alternative findings at step five. (*Id.*). At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). Specifically, the ALJ asked a vocational expert ("VE") whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that someone with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as a housekeeper, cafeteria attendant, and price marker. (Tr. at 45).

Pursuant to SSR 00-4p, the ALJ found the VE's testimony to be consistent with the information contained in the *Dictionary of Occupational Titles*. (Tr. at 46). Based on the VE's testimony, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id.*). As a result, the ALJ determined that a finding of "not disabled" was appropriate. (*Id.*).

Accordingly, the ALJ concluded that Plaintiff was not disabled from November 9, 2011, through the date of the decision. (*Id.*).

**D.  Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560;

*accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II.     Analysis

Plaintiff raises six issues on appeal:

1. Whether the ALJ adequately assessed Plaintiff's mental impairments;

2. Whether the ALJ adequately considered Plaintiff's diabetic neuropathy;

3. Whether the ALJ adequately assessed Plaintiff's ability to perform work on a regular and continuing basis;

4. Whether the ALJ properly assessed periods of substantial gainful activity;

5. Whether the ALJ properly assessed Plaintiff's ability to perform past work;

6. Whether the ALJ's step-five decision was supported by substantial evidence.

(Doc. 28 at 8-31).  The Court addresses these issues below.

### A.     Whether the ALJ Erred at Step Two

Plaintiff's first two issues involve whether the ALJ adequately assessed Plaintiff's alleged impairments. (*Id.* at 8, 14).  Specifically, Plaintiff argues that the ALJ incorrectly assessed the duration of her mental impairments, failed to conduct a psychiatric review technique, and failed to order a consultative examination. (*Id.* at 12).  Additionally, Plaintiff argues that the ALJ failed to consider her diabetic neuropathy as a severe impairment. (*Id.* at 14).

The Court notes that, at step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  A severe impairment must bring about at least

more than a minimal reduction in a claimant's ability to work and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Instead, the ALJ is only required to consider a claimant's impairments in combination, whether severe or not. *Id.* If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison*, 814 F.2d at 588). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted).

Here, the ALJ found an impairment to be severe at step two: type I diabetes mellitus. (Tr. at 40). Because the ALJ found at least one condition to be severe, the ALJ satisfied the step-two analysis. *See Griffin*, 560 F. App'x at 841-42.

Moreover, so long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments, any potential error is harmless. *See id.* Here, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably

be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR [§§] 404.1529 and 416.929[,] and SSRs 96-4p and 96-7p." (Tr. at 41).

Furthermore, as to Plaintiff's mental impairments, a review of the record shows that the ALJ specifically considered Plaintiff's mental impairments at step two. (Tr. at 40-41). Additionally, the ALJ noted in the RFC determination that Plaintiff "testified that she had been seeing a mental health doctor for about five months and had a major depressive disorder and severe anxiety." (Tr. at 42). Similarly, as to Plaintiff's alleged diabetic neuropathy, the record shows that the ALJ expressly considered it at step three. (Tr. at 41). The ALJ stated that, "[w]hile the undersigned recognizes that the claimant's condition may cause some limitation, the record indicated that none of these other impairments are relevant to the claimant's condition." (*Id.*).

In sum, based on the ALJ's statement and her review of the medical record in her decision, the Court finds no error because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe in combination. *See Griffin*, 560 F. App'x at 841-42. Therefore, any potential error by the ALJ is harmless. *See id.*

As a final matter, the Court rejects Plaintiff's argument that the ALJ erred by failing to conduct a psychiatric review technique or order a consultative examination. (*See* Doc. 28 at 12). On this point, an ALJ is not obligated to seek independent, additional expert medical testimony before concluding that an impairment is not severe. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999). To the contrary, when the record is sufficient for a decision, additional expert testimony is unnecessary. *See id.*

Here, as noted by the ALJ, Plaintiff testified that she had depression and anxiety for only approximately five months before the hearing. (Tr. at 41). Additionally, the ALJ reviewed the

medical evidence and found insufficient evidence to support the durational requirements for a severe mental impairment. (*Id.*). The Court finds that the ALJ's citations to the record provide substantial evidence in support of her decision. *See Wilson*, 179 F.3d at 1278. Accordingly, the Court finds that the ALJ was not obligated to seek independent, additional expert medical testimony before concluding that Plaintiff's mental impairments were not severe. *See id.*

In sum, the record demonstrates that the ALJ properly considered Plaintiff's severe and non-severe impairments at step two. Moreover, even if the ALJ erred in failing to find Plaintiff's impairments severe at step two of the sequential evaluation, the error was harmless because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe, in determining Plaintiff's RFC. The Court, therefore, affirms on this issue.

**B.      Whether Plaintiff Can Work on a Regular and Continuing Basis**

Next, Plaintiff argues that the ALJ failed to properly assess her ability to perform work on a regular and continuing basis. (Doc. 28 at 18). Specifically, Plaintiff argues that she would be absent from work in excess of the level tolerated in competitive employment. (*Id.*). In addition, Plaintiff argues that she requires additional breaks and the ability to have food and drink at her workstation. (*Id.*). Plaintiff states that the VE testified that additional breaks and the need to have food and drink at the workstation would eliminate all past work and all competitive employment. (*Id.* (citing Tr. at 75-76, 78)).

In response, Defendant argues that the ALJ properly found these additional limitations not credible. (*Id.* at 23). Defendant argues that, as discussed by the ALJ, "the record does not show any indications of the duration and frequency of breaks and no attendance record was submitted." (*Id.* (citing Tr. at 43)). Furthermore, Defendant also noted that "[t]he record also does not include any such limitations provided by her medical providers." (*Id.* (citing Tr. at 43)).

After a careful review of the record, the Court finds that Plaintiff has not met her burden of showing that the ALJ erred on this ground. Indeed, while Plaintiff contends that her own testimony supports a finding that the she would be excessively absent from work and would need food at her workstation, the ALJ found Plaintiff's testimony only partially credible. (*See* Tr. at 43).

On this point, to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3; *see also* SSR 16-3p, 2016 WL 1119029, at *7 (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, the ALJ noted that the record revealed that Plaintiff had not been very compliant with her diabetic care, which suggested that her symptoms may not have been as limiting as she alleged. (Tr. at 43 (citing Tr. at 563)). The ALJ also noted that Plaintiff was familiar with how to use the insulin sliding scale but disregarded her knowledge. (*Id.* (citing Tr. at 587)). Moreover, the ALJ found that Plaintiff "relied on emergency treatment rather than being compliant and having regular visits with a treating physician." (*Id.* (citing Tr at 540, 542)). Further, the ALJ noted that when Plaintiff complied with her prescribed treatment, she was able to return to steady and consistent employment. (*Id.*).

Plaintiff did not contest any of the above findings regarding her credibility. (*See* Doc. 28). Moreover, after a careful review of the record, each of the reasons cited by the ALJ is supported by substantial evidence. (*See* Tr. at 540, 542 ,563, 587). Thus, the ALJ articulated

explicit and adequate reasons for discrediting Plaintiff's subjective testimony. *See Wilson*, 284 F.3d at 1225. The Court, therefore, cannot find error on this ground.

In addition to her own testimony, Plaintiff cites a letter from her supervisor at Winn-Dixie purporting to show that she would be excessively absent and need food at her workstation. (Doc. 28 at 20 (citing Tr. at 355)). Even so, Plaintiff failed to cite any objective medical evidence in support of her allegations. (*See id.*). The Court finds that the letter is insufficient for Plaintiff to meet her burden of showing that the ALJ erred.

Based on the ALJ's properly supported credibility finding and the limited evidence cited by Plaintiff in support of her allegations, the Court finds that Plaintiff has not met her burden of showing that the ALJ erred on this ground. The Court, therefore, affirms on this issue.

### C. Whether the ALJ Erred at Step Four

At step four, Plaintiff contends that the ALJ failed to properly assess her ability to perform past work because the ALJ's findings conflicted with the medical opinion on which they were based. (Doc. 28 at 26). Specifically, Plaintiff contends that Dr. Krishnamurthy found that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of her symptoms were substantiated by the objective medical evidence. (*Id.* (citing Tr. at 123, 133)). Yet, Plaintiff notes that the ALJ – while basing the RFC on Dr. Krishnamurthy's opinion – found "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*Id.* (citing Tr. at 42)).

Additionally, Plaintiff argues that the RFC failed to reflect Plaintiff's inability to work on a regular and sustained basis due to the need for excessive absences and her requirement of needing food at her workstation. (*Id.* at 27). Further, Plaintiff argues that the RFC failed to reflect limitations based on her mental impairments. (*Id.*). Finally, Plaintiff argues that the ALJ

failed to consider that her work as a cash accounting clerk was accommodated. (*Id.*). Due to these inconsistencies, Plaintiff argues that the ALJ's finding that she could perform past relevant work was unsupported by substantial evidence. (*Id.*).

In response, Defendant argues that the medical records and other evidence discussed by the ALJ provide substantial evidence to support the ALJ's assessment of Plaintiff's RFC. (*Id.* at 28 (citing Tr. 42-46)).

The Court agrees with Defendant. As an initial matter, Plaintiff has not shown that the ALJ erred in determining her RFC. Indeed, for the reasons discussed above, Plaintiff has not met her burden of showing that the ALJ erred in finding that she is unable to work due to the need for excessive absences or breaks or by needing food at her workstation. Additionally, as discussed above, the ALJ did not err in reviewing Plaintiff's mental impairments. Further, Plaintiff failed to cite any authority suggesting that the ALJ erred in reviewing the accommodations associated with her past work as an accounting clerk. (*See id.* at 27). Finally, Plaintiff failed to cite any authority suggesting that the ALJ erred by giving substantial weight to Dr. Krishnamurthy's medical opinion while also finding Plaintiff's statements partially credible. (*See id.* at 26-27). Moreover, as discussed above, the ALJ's credibility finding is supported by substantial evidence of record.

In sum, while Plaintiff argues that the ALJ erred in evaluating her ability to perform her past work, none of the reasons articulated by Plaintiff are persuasive. Moreover, after a careful review of the record, the Court finds that the ALJ's decision is supported by substantial evidence. The Court, therefore, affirms the ALJ's step four findings.

### D. Whether the ALJ Erred at Step One or Step Five

Finally, Plaintiff's fourth and sixth issues involve whether the ALJ erred at steps one and five of the sequential evaluation. (Doc. 28 at 23, 29). Specifically, at step one, Plaintiff argues that the ALJ failed to properly assess periods of substantial gainful activity because her earnings were not at substantial gainful activity levels during those periods. (*Id.* at 23). At step five, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to rule on her objections as to the number of jobs identified by the VE and because the VE failed to exclude part-time jobs as well as other unique DOT jobs that exceed Plaintiff's RFC. (*Id.* at 29).

After a careful review of the record, the Court can only conclude that any errors at step one or step five were harmless. Remand is, therefore, not warranted.

Specifically, at step one, even though the ALJ found that Plaintiff had engaged in substantial gainful activity during certain periods of time, the ALJ nonetheless evaluated Plaintiff's allegations of disability from the alleged onset date through the date of the decision. (*See* Tr. at 40-46). As a result, even if the ALJ erred at step one, the ALJ's ultimate decision that Plaintiff was not disabled would not change. Indeed, the ALJ's error at step one would only be harmful to Plaintiff if the ALJ's conclusions regarding Plaintiff's disability were not supported by substantial evidence. Because that is not the case here, the Court finds that any error at step one is harmless.

Similarly, although Plaintiff argues that the ALJ erred at step five in failing to rule on her objections (*see* Doc. 28 at 29), the Court again finds that any potential error on this ground is harmless. Indeed, at step four, the ALJ found that Plaintiff could perform her past relevant work. (Tr. at 44). As discussed above, Plaintiff failed to meet her burden of showing that the ALJ erred

at step four.  Because the ALJ found Plaintiff not disabled at step four, the ALJ was not required to proceed to step five.  As a result, any potential error at step five is harmless, meaning remand is not warranted on this ground.

In sum, even if the ALJ erred at step one or step five, these errors are harmless.  The Court, therefore, affirms on these issues.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

Accordingly, the Court hereby **ORDERS** that:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 15, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties